# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Roger Jerome Jackson, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:14-cv-103 |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Grand Forks County Correctional Center | ) | |
| Medical Department, Grand Fork[]s City | ) | |
| . . . Correction Center, James River | ) | |
| Correctional Center, SweatLodge, J.R.C.C., | ) | |
| | ) | |
| Defendants. | ) | |

Under 28 U.S.C. § 1915A, the court must conduct an initial review of a complaint filed by Plaintiff Roger Jerome Jackson (Jackson), an inmate seeking redress from governmental actors for allegedly violating his constitutional rights. (Doc. #13). Jackson, proceeding pro se and in forma pauperis, (Doc. #11), asserts claims under 42 U.S.C. § 1983.

## Summary of Recommendation

Because Jackson fails to state a facially plausible claim, it is **RECOMMENDED** that the court **DISMISS** his complaint with prejudice.

## Facts

Jackson's complaint concerns medical matters and the availability of programs and resources in jail. Although not all are included in his caption to the complaint, he names the following as defendants, all in both their official and personal capacities: the medical department and staff at Grand Forks County Correctional Center (GFCCC); Bret Burkholder, Administrator of GFCCC; the Grand Forks court system, including all judges, state's attorneys, public defenders, and government attorneys; and the Grand Forks City Hall Legal System. (Doc. #13, pp. 3-4). The caption of Jackson's original complaint also listed Grand Forks City Correction

Center and Jamestown River Correction Center as defendants, but the court ordered that the names of the correctional facilities be amended to their proper names in the docketed caption. (Doc. #16).

Jackson alleges he was "supposed to have knee surgery" and was "refused . . . pain pills." (Doc. #13, p. 6) (punctuation and spelling altered). He claims he notified medical staff of daily pain but received no response, and Jackson states he needs eye glasses because he has been having head aches. Id. He asserts he has "been denied . . . medication [and] they have been substituting . . . other meds that are not prescribed to me." Id. (punctuation and spelling altered). Jackson notes the amount of medical bills he has incurred, and he references mental stress and his blood pressure. Id. at 5-6. In addition to medical issues, Jackson asserts a complaint relating to a lack of case workers and access to law libraries. Id. at 3. Jackson contends, "There [are] no programs at all in the so-called correction facility . . . . No arts, crafts [or] G.E.D." Id. at 4 (punctuation and spelling altered). For relief, Jackson requests an entirely new medical staff, better services, and lower costs. Id. at 7.

**Discussion**

Under 28 U.S.C. § 1915A(a), the court must conduct an initial screening of prisoner[1]

---

[1] At the time Jackson filed his complaint, he was in custody following the revocation of his state probation. See North Dakota Courts Records Inquiry, http://publicsearch.ndcourts.gov (last visited June 25, 2015). Because Jackson was a prisoner when he filed his complaint, his claims are analyzed under Eighth Amendment standards. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (stating prison conditions and prisoner treatment are subject to Eighth Amendment scrutiny); Robinson v. California, 370 U.S. 660, 675 (1962) (noting the Eighth Amendment is "applicable to the States by reason of the Due Process Clause of the Fourteenth Amendment."). It is unclear whether Jackson remains in custody. Recent court mailings sent to Jackson's last known address have been returned as undeliverable, and Jackson's current address is not known to the court. (Doc. #14).

complaints against a governmental entity, officer, or employee. The court must identify cognizable claims, and must dismiss claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from an immune defendant. 28 U.S.C. § 1915A(b). A complaint fails to state a claim if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 579 (2007). When the factual content of a complaint allows the court to reasonably infer that a defendant is liable for the alleged misconduct, the complaint has stated a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a court must accept factual allegations in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a facially plausible claim. Id.

Pleadings filed by pro se litigants must be liberally construed and are held to less stringent standards than are pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court construes Jackson's primary claim as one of deliberate indifference to his serious medical needs.[2] The court also considers whether Jackson has raised cognizable claims that he was denied educational opportunities, arts and craft programs, and access to the courts.

Among the defendants, Jackson names the Grand Forks court system, the City Hall Legal System, and the Grand Forks City Correction Center. No such legal entities exist that are

---

[2] Jackson's complaint attempts to assert claims on behalf of "all of the prisoners in North Dakota." (Doc. #13, p. 1) (punctuation and spelling altered). In addition to Jackson, the complaint is signed by two individuals who have not moved to proceed in forma pauperis and who have not paid any filing fee. Id. at 7. There are also brief factual allegations made by the two other individuals. Id. at 5-6. Only Jackson has filed a motion to proceed in forma pauperis, which the court has granted, and he lacks standing to assert claims on behalf of others. See Warth v. Seldin, 422 U.S. 490, 499 (1975) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Thus, the court must consider the claims only as to Jackson.

3

amenable to suit, and the claims against them should therefore be dismissed with prejudice. Along with the Grand Forks court system, Jackson lists "all judges." Because judges enjoy absolute immunity for their judicial functions, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982), any claims against them must be dismissed with prejudice. Jackson also names GFCCC and James River Correctional Center as defendants, but, because county jails are not legal entities amenable to suit, any claims against them should likewise be dismissed with prejudice. See Owens v. Scott Cnty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). The court must next determine whether Jackson has alleged any cognizable claims against the remaining defendants in either their official or personal capacities.

1. **Official Capacity Claims**

Jackson names state's attorneys, public defenders, and government attorneys as defendants. Yet, Jackson alleges no facts relating to any government attorneys, and those individuals may be entitled to certain immunities. Further, § 1983 suits against government employees in their official capacities are actually suits against the entity of which the employee is an agent. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 n.55 (1978). By naming government employees in their official capacities, Jackson has effectively named Grand Forks County and Stutsman County as defendants. "When a plaintiff is seeking to impose section 1983 liability on a local government body, the plaintiff must show that there is an official policy or a widespread custom or practice of unconstitutional conduct that caused the deprivation of a constitutional right." Marksmeier v. Davie, 622 F.3d 896, 902 (8th Cir. 2010). Because Jackson fails to allege that any county policy or custom caused his alleged constitutional deprivations, he has failed to state a claim upon which relief may be granted. Therefore, the claims against the

defendants in their official capacities should be dismissed with prejudice.

**2.      Personal Capacity Claims**

"[T]o establish personal liability in a § 1983 action, it is enough to show that the [government] official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 165 (1985). To maintain an Eighth Amendment claim that government officials were deliberately indifferent to an inmate's serious medical needs, an inmate must establish both an objective element and a subjective element. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Failing to treat a medical condition does not amount to an Eighth Amendment violation unless government officials knew that the medical condition "created an excessive risk to the inmate's health and then failed to act on that knowledge." Id.

Even under a liberal construction standard, Jackson's complaint does not state a claim that is plausible on its face. Although contending he has not received knee surgery, certain medication, or eye glasses, Jackson fails to allege any facts demonstrating that he had a medical condition creating an excessive risk to his health or that any of the defendants knew of such a medical condition but failed to act on that knowledge. Because Jackson has not stated a facially plausible claim, his claim of deliberate indifference to serious medical needs should be dismissed with prejudice.

Finally, the court must determine whether Jackson has raised any cognizable claims regarding his assertions that he was denied educational opportunities, arts and craft programs, and access to the courts. "Prisoners have no constitutional right to educational or vocational opportunities during incarceration." Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992) (noting, however, that if such opportunities are provided to prisoners, the state cannot deny

5

prisoners equal access to those services without a rational basis). Similarly, the court's research reveals no authority establishing a constitutional right to arts and craft programs while incarcerated. Since Jackson does not have a constitutional right to educational or vocational opportunities, nor to arts and craft programs, during incarceration, those claims should be dismissed with prejudice.

While "the fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law," <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977), an inmate alleging a constitutional violation must show an actual injury by "demonstrat[ing] that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). Jackson provides no facts showing his efforts to pursue any legal claim were hindered due to alleged shortcomings in a jail library. Because he has not stated a facially plausible claim, Jackson's access to the courts claim should be dismissed with prejudice.

## Conclusion

Jackson fails to raise any cognizable claims under § 1983. Accordingly, it is **RECOMMENDED** that the complaint be **DISMISSED** with prejudice and that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 25th day of June, 2015.

                                             */s/ Alice R. Senechal*
                                             Alice R. Senechal
                                             United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **July 9, 2015**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.